**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DVR S17 LLC and SHAHAR GOLDBOIM,**

**Plaintiffs,**

**v.** **Case No.: 8:26-cv-01258-MSS-CPT**

**GEOVERA SPECIALTY INSURANCE COMPANY,**

**Defendant.**

---

**GEOVERA SPECIALTY INSURANCE COMPANY,**

**Counter-Plaintiff,**

**v.**

**DVR S17 LLC and SHAHAR GOLDBOIM,**

**Counter-Defendants.**

---

## ORDER

**THIS CAUSE** comes before the Court pursuant to the Motion for Entry of Default Against Counter-Defendants (the "Motion for Default") of Defendant/Counter-Plaintiff GeoVera Insurance Company ("GeoVera"), (Dkt. 44), GeoVera's Motion to Strike Counter-Defendants' Untimely Reply[1] to Counterclaim

[1] GeoVera refers to the Insureds' Answer, (Dkt. 43), as a "Reply." The Insureds state that,

(the "Motion to Strike"), (Dkt. 45), the Motion for Leave of the Court and Requesting Court to Accept Filing of Counter-Defendants' Answer to Counter-Plaintiff's Counterclaim (the "Motion for Leave") of Plaintiffs/Counter-Defendants DVR S17 LLC ("DVR") and Shahar Goldboim ("Goldboim," collectively, with DVR, the "Insureds"), (Dkt. 46), and the Insureds' response in opposition to the Motion for Default, (Dkt. 48), and the Insureds' response in opposition to the Motion to Strike. (Dkt. 49) The Court finds that the Motion for Default and the Motion to Strike are due to be denied, and the Motion for Leave is due to be granted.

## I. BACKGROUND

This is a first-party property insurance dispute arising out of Hurricane Milton, which made landfall on October 9, 2024. On March 19, 2026, the Insureds filed their Complaint, (Dkt. 41-1), in state court. The Insureds seek damages resulting from GeoVera's alleged failure to deny coverage and refusal to pay the full amount of an insurance claim, in breach of an insurance contract. On April 29, 2026, GeoVera removed the matter to federal court, (Dkt. 1), and on May 26, 2026, GeoVera filed its Answer and Affirmative Defenses and Counterclaim. (Dkt. 18) In the Counterclaim GeoVera principally seeks declarations that the Insureds breached the insurance contract and that GeoVera has no obligation to provide coverage from claims or damages arising from the hurricane-related loss.

---

"[u]pon filing, the CMECF system labeled the Answer a Reply in the system." (Dkt. 46 at 2 n.1) The Court refers to the pleading as an answer because it is an answer to GeoVera's Counterclaim, regardless of a label assigned in docket text.

On August 4, 2026, the Court entered an Order, (Dkt. 32), denying the Insureds' motion to dismiss GeoVera's Counterclaim. (Dkt. 24) The Court directed the Insureds each "to file an answer to the Counterclaim within **twenty-one (21) days** of the date of this [August 4, 2026] Order." (Dkt. 32 at 11)

On October 19, 2026, the Court entered an Endorsed Order directing GeoVera "to file an application for a default on its Counterclaim, (Dkt. 18 at 18-32), if it intends to do so." (Dkt. 42) The Court observed that, as of the time of entry of the Endorsed Order on October 19, 2026, the Insureds had not filed an answer. (Id.) The Court stated that "GeoVera shall have twenty-one days from the date of th[at] [October 19, 2026 Endorsed] Order to file a motion seeking entry of a clerk's default. Failure to do so within the time allotted may result in the Court dismissing the Counterclaim without further notice." (Id.)

Within hours of the entry of the October 19, 2026 Endorsed Order, the Insureds filed their Answer to GeoVera's Counterclaim and then GeoVera filed the Motion for Default and the Motion to Strike. The next day, October 20, 2026, the Insureds filed the Motion for Leave. On October 26, 2026, the Insureds filed their responses in opposition to the Motion for Default, (Dkt. 48), and the Motion to Strike. (Dkt. 49) GeoVera has not filed a response to the Motion for Leave and the time for GeoVera to do so has passed. See M.D. Fla. Loc. R. 3.01(d). The Court analyzes the motions together because they present the same ultimate question: whether the Insureds may contest GeoVera's Counterclaim notwithstanding the Insureds' failure to timely file an answer to the Counterclaim as directed in the August 4, 2026 Order.

## II. DISCUSSION

"This Circuit expresses a strong preference that cases be heard on the merits . . . and strives to afford a litigant his or her day in court, if possible." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1342 (internal quotations omitted) (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985) (per curiam); Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1339 (11th Cir. 2005)). "[T]he drastic remedy of a default judgment should not be resorted to where a party has made a clear intent to defend." Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 237 (M.D. Fla. 1993). "[A]lthough a district court may enter default judgment against a defendant who has failed to respond to a complaint against him, default judgments should only be entered if exceptional circumstances exist that prejudice the plaintiff." Fry v. Hillsborough Cty. Sch. Bd., 190 F. App'x 810, 817 (11th Cir. 2006) (citations omitted).[2]

The Parties agree that Federal Rule of Civil Procedure 6(b) controls whether the Insureds may litigate GeoVera's Counterclaim on its merits following the Insureds' procedural default. (See generally Dkts. 44, 45, 46) Binding precedent dictates otherwise. See Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337-39 (11th Cir. 2014) (when evaluating whether Perez could file an out-of-time answer to Wells Fargo's counterclaim, the district court erred in applying Rule 6(b)(1)(B)'s relatively rigorous "excusable neglect standard" instead of Rule 55(c)'s more forgiving "good cause"

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

standard, notwithstanding that no default had formally been entered). In Perez, the Eleventh Circuit held that "[b]ecause Wells Fargo filed what was in nature a motion for default judgment, the court was obligated to apply the standard for setting aside a default in determining whether Perez should have been permitted to file an out-of-time answer." Id. The Eleventh Circuit reversed the district court's order denying Perez's motion to file an out-of-time answer, with instructions to apply Rule 55(c)'s "good cause" standard on remand. Id.; accord Gayle v. ARAC Roof It Forward, LLC, No. 1:24-CV-00628-ELR, 2024 WL 3729277, at *5 (N.D. Ga. Mar. 25, 2024) (citing Perez, 774 F.3d at 1338); Vinson v. Thee Tree House, LLC, No. 8:22-CV-1928-WFJ-SPF, 2023 WL 6292490, at *2 (M.D. Fla. Aug. 7, 2023).

In this case, the Insureds filed an out-of-time answer to GeoVera's Counterclaim and, in the Motion for Leave that they filed the next day, request that the answer be deemed "timely filed so as to allow adjudication of this case on the merits." (Dkt. 46 at 4) Like in Perez, the Court must resolve whether the procedural default should be set aside notwithstanding that no clerk's default has been entered, and Rule 55(c)'s "good cause" standard applies. See Perez, 774 F.3d at 1337-39, 1342.

Rule 55(c) permits a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Eleventh Circuit has:

> said that " 'good cause' is not susceptible to a precise formula, but some general guidelines are commonly applied." *Compania Interamericana* [*Exp.-Imp., S.A. c. Compania Domenicana de Aviacion*], 88 F.3d [948,] at 951 [(11th Cir. 1996)]. Courts have considered these three factors: (1) "whether the default was culpable or willful," (2) "whether the defaulting party presents a meritorious defense," and (3) "whether setting [the default] aside would prejudice the adversary[.]" *Id.* "[T]hese factors are

> not 'talismanic[.]' " *Id.* For example, "courts have examined other factors including … whether the defaulting party acted promptly to correct the default." *Id.* "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951–52.

Savoia-McHugh v. Glass, 95 F.4th 1337, 1342 (11th Cir. 2024) (footnote omitted).

These factors weigh decidedly in favor of setting aside the Insureds' procedural default such that the Counterclaim may be litigated on its merits.

The Insureds' co-counsel, Ms. Pearl Ben Yoram, states that during a period when she was assisting her elderly mother with cancer treatment and when she had assumed calendaring responsibilities from an assistant, she mistakenly calendared the deadline to file an answer as October 25, 2026, rather than the correct deadline of August 25, 2026. (Dkt. 46 at 2) She states that the Insureds' "counsel was unaware of the oversight and did not realize the Answer . . . she had previously drafted had not been filed, until receipt of this Court's Order on October 19, 2026[.]" (Id.) Within hours following entry of the October 19, 2026 Order, the Insureds filed their Answer, (Dkt. 43), and it "alleges multiple affirmative defenses showing the [Insureds'] position to defend the case on the merits." (Dkt. 46 at 2) The next day, the Insureds filed the Motion for Leave. (Dkt. 43) Accordingly, the Insureds have acted promptly to correct the procedural default. Moreover, the Insureds state that the Parties have actively litigated this case in the months since the Insureds failed to timely file an answer to the Counterclaim, and it appears that GeoVera "likely was also not aware of the oversight, otherwise [GeoVera] would have acted to default sooner." (Dkt. 46 at 3)

The Court finds that the Insureds' procedural default on GeoVera's

Counterclaim was not willful or culpable. Rather, the default resulted from the excusable neglect of Ms. Ben Yoram. Moreover, in the available record there is no indication that Mr. Levy acted willfully or culpably in failing to prevent a procedural default or bring it to an earlier conclusion. The first factor tips in favor of the Insureds.

The thrust of the Insureds' Answer is a denial of allegations in the Counterclaim that would tend to establish GeoVera's entitlement to relief, and at least some of the affirmative defenses raised in the Answer are not facially meritless. GeoVera has not endeavored to demonstrate an absence of merit in the Insureds' contentions raised in the Answer. The second factor weighs in favor of the Insureds.

GeoVera does not credibly contend that it was prejudiced in its ability to prosecute its claims (or defend against the Insureds' claims) because of the Insureds' delay in filing an answer to the Counterclaim. GeoVera does not dispute the Insureds' allegation that the Parties have litigated the case in the ordinary course notwithstanding the delay. Indeed, it appears that the Parties litigated this case in the ordinary course notwithstanding the absence of a timely-filed answer to the Counterclaim. Moreover, GeoVera contends that it has been prejudiced because it "was required to prepare and file a motion for default at the Court's direction." (Dkt. 45 at 3-4; <u>see also</u> Dkt. 42). That directive does not support a finding of prejudice.

Thus, the third factor does not weigh in favor of GeoVera sufficiently to overcome the weight of the other two factors in favor of the Insureds.

## III. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** as follows:

1. GeoVera Insurance Company's Motion for Entry of Default Against Counter-Defendants, (Dkt. 44), and GeoVera's Motion to Strike Counter-Defendants' Untimely Reply to Counterclaim, (Dkt. 45), are **DENIED**.
2. DVR S17 LLC and Shahar Goldboim's Motion for Leave of the Court and Requesting Court to Accept Filing of Counter-Defendants' Answer to Counter-Plaintiff's Counterclaim, (Dkt. 46), is **GRANTED**.
3. DVR S17 LLC and Shahar Goldboim are **DIRECTED** to file, within **seven (7) days** of the date of this Order, a paper designating one lead counsel. See M.D. Fla. Loc. R. 2.02(a).
4. This case shall proceed in the ordinary course.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of November 2026.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE